# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD D. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 07-cv-611-WDS |
| | ) |
| ALAN UCHTMAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> 　　(1) is frivolous, malicious, or fails to state a claim on which relief
> 　　may be granted; or
> 　　(2) seeks monetary relief from a defendant who is immune from such
> 　　relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

## FACTS ALLEGED

On March 23, 2005, Plaintiff filed a grievance against Defendant Bedinger, charging

harassment and threats by Bedinger (Exh. 13, Doc. 1-3 pp. 8-11). In that grievance, Plaintiff stated that "I may and am capable of doing bodily harm to Lt. Bedinger." Defendant Linda Goforth reviewed that grievance on July 26, 2005 (Exh. 21, Doc. 1-4 p. 10). Based on Plaintiff's statement, she forwarded the grievance to Defendant Wiechert for investigation; she also recommended that the grievance be denied, and Defendant Uchtman concurred.

In the interim, Plaintiff received a disciplinary ticket on March 29, 2005; that ticket charged him with making threats against Bedinger in a letter Plaintiff sent to Defendant Godinez in early March. On April 1, 2005, the Adjustment Committee found him guilty and sentenced him to six months c-grade, six months segregation, one month yard restriction, and the revocation of three months good conduct credit. Plaintiff filed a grievance about that incident on April 14, 2005. Defendant Jerry Goforth reviewed that grievance on July 12, 2005, and recommended that it be denied (Exh. 14-16, Doc. 1-3 pp. 12-14).

On July 27, 2005, Wiechert issued a disciplinary ticket based on Plaintiff's statement in the March 23 grievance; he was charged with dangerous communications and intimidation or threats (Exh. 22, Doc. 1-4 p. 11). Plaintiff was found guilty and punished with six months at C-grade, six months in segregation, and six months of commissary restriction (Exh. 24, Doc. 1-4 p. 17).

**CLAIMS ASSERTED**

Surprisingly, Plaintiff is not challenging the first disciplinary proceeding that resulted in the loss of good conduct credit. Rather, he challenges the second ticket issued in July by Goforth. The essence of his claim is one of conspiracy to retaliate against him for numerous grievances he had filed against staff, and particularly against Bedinger. As basis for this claim, Plaintiff alleges that Wiechert, who issued the second ticket, was aware that Plaintiff was already in segregation due to the March 29 ticket, as Wiechert had issued the March 29 ticket. Because of this second ticket, Plaintiff argues that he was kept in segregation unjustly for an additional six months.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). However, the Seventh Circuit has clarified that in order to qualify as protected speech, an inmate's complaints or grievances must be "related to matters of public concern" rather than merely a "personal gripe" about a particular incident. *Pearson v. Welborn*, 471 F.3d 732, 740-41 (7th Cir. 2006). *See also McElroy v. Lopac*, 403 F.3d 855 (7th Cir. 2005); *Brookins v. Kolb*, 990 F.2d 308 (7th Cir. 1993).

In support of his claim, Plaintiff has attached several prior grievances detailing his problems with Bedinger (Exhs. 1-12, Doc. 1-2 pp. 1-7, Doc. 1-3 pp. 1-7). It is abundantly clear from these exhibits, as well as the allegations in the complaint, that Plaintiff's grievances were personal gripes about Bedinger, not matters of public concern. Furthermore, the two disciplinary tickets were issued due to two separate incidents. This is not a conspiracy of retaliation; it is simply cause and effect. Finally, Plaintiff has no protected liberty interest in remaining in general population. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).

In summary, Plaintiff's has failed to state a claim upon which relief may be granted, and his complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: October 20, 2008.**

            **s/ WILLIAM D. STIEHL**
            **DISTRICT JUDGE**